JUL 26 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

FILED
JUL 26 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVSION

DAVID GARDNER §
Plaintiff §
§
§ CASE NUMBER: 1:22CV00759 RP
vs. §
§
§
CAPITAL ONE BANK USA §
TRANUNION LLC §
EXPERIAN INFORMATION SOLUTIONS §
EQUIFAX INFORMATION SOLUTIONS §

Defendant(s)

### DEMAND FOR JURY TRIAL

### ORIGINAL COMPLAINT

1. Plaintiff, David Gardner sues for violations under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*, seeking actual, statutory and punitive money damages against Defendants CAPTIAL ONE BANK USA (hereinafter referred to as ("CAPITAL ONE"), EXPERIAN INFORMATION SOLUTIONS (hereinafter referred to as "EXPERIAN"), TRANSUNION LLC (hereinafter referred to as "TRANSUNION"),and EQUIFAX INFORMATION SOLUTIONS (hereinafter referred to as "EQUIFAX").

### JURISTDICTION AND VENUE

2. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1367, as well as 15 U.S.C. §1681p *et seq.*

3. Venue is proper because the events giving rise to this controversy occurred in this district

## STANDING

3. Plaintiff has suffered injury in fact is traceable to Defendants conduct and that is likely to be redressed by a favorable decision in this matter.
4. Plaintiff further suffered concrete injury as a result of Defendants violations contained herein.
5. Plaintiff further suffered a concrete informational injury as a result of Defendants failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

6. Plaintiff David Gardner is an individual residing in Travis County, Texas
7. Plaintiff is Secured Party of DAVID GARDNER
8. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c)
9. Upon information and belief CAPITAL ONE BANK USA is a Foreign Financial Institution with its principal place of business at 4851 Cox Rd. Glen Allen, VA 23060 and may be served by serving its registered agent at:

    211 E. 7th Street, Suite 620
    Austin, Tx 78701

10. Trans Union LLC is an Illinois corporation duly authorized and qualified to do business in the State of Oklahoma.
11. Experian is an Ohio corporation duly authorized and qualified to do business in the State of Oklahoma.
12. Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Oklahoma.
13. Defendant Capital One Bank USA is a "furnisher of information" within the meaning of

15 U.S.C. §1681s-2

## FACTUAL ALLEGATIONS

14. Plaintiff David Gardner resides in Austin, Texas

15. Plaintiff is Secured Party of DAVID GARDNER

16. On or about November 10, 2021 Plaintiff applied for a residential mortgage loan and was denied. Plaintiff thereafter obtained a copy of his consumer report and discovered incomplete, inaccurate, false, fraudulent information furnished by Defendant Capital One Bank USA

17. Defendant furnished two tradelines with credit limits of $628.00 and $1686.00

18. On or about December 16th 2021, Plaintiff mailed a letter to Trans Union LLC ("TransUnion"), Equifax Information Services LLC ("Equifax") and Experian Information Solutions, LLC ("Experian") to dispute the accuracy and the completeness of the information furnished by Defendant pursuant to 15 U.S.C. § 1681i(a). Plaintiff received re-investigation results where Defendant Capital One Bank USA failed to notate that the information was being disputed pursuant to 15 U.S.C. § 1681s-2(b)(1).

19. Upon information and belief, Trans Union, Equifax and Experian sent a dispute communicating to Defendant Capital One Bank USA providing all relevant disputed information.

20. As a result of the actions and inactions of defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

### FIRST CLAIM FOR RELIEF
(Defendants Experian, Equifax and TransUnion)
15 U.S.C. § 1681e(b)

21. Plaintiff re-alleges and incorporates by reference paragraphs one through twenty above.

22. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

23. Defendants Experian, Equifax and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

24. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

25. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

26. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### SECOND CLAIM FOR RELIEF
### (Defendants Experian, Equifax and TransUnion)
### 15 U.S.C. §1681i(a)(2)

27. Plaintiff re-alleges, and incorporates by reference, paragraphs one through twenty-six above.

28. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

29. Defendants Experian, Equifax and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

30. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

31. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant 15 U.S.C. § 1681n.

32. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### THIRD CLAIM FOR RELIEF
### (Defendants Experian, Equifax and TransUnion)
### 15 U.S.C. §1681i(a)(4)

33. Plaintiff re-alleges, and incorporates by reference, paragraphs one through thirty-two above.
34. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.
35. Defendants Experian, Equifax and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.
36. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.
37. Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.
38. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### FOURTH CLAIM FOR RELIEF
### (Defendants Experian, Equifax and TransUnion)
### 15 U.S.C. §1681i(a)(5)

39. Plaintiff re-alleges, and incorporates by reference, paragraphs one through thirty-eight above.
40. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

41. Defendants Experian, Equifax and TransUnion have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
42. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.
43. Plaintiff is entitled Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.
44. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### FIFTH CLAIM FOR RELIEF
### (Defendants Experian, Equifax, and TransUnion)
### 15 U.S.C. §1681i(a)(7)

45. Plaintiff re-alleges, and incorporates by reference, paragraphs one through Forty-four above.
46. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(7) in that they failed to provide the procedures used when requested by the Plaintiff.
47. Defendants Experian, Equifax and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
48. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.
49. Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.
50. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## SIXTH CLAIM FOR RELIEF
### (Defendant CAPITAL ONE BANK USA)
### 15 U.S.C. § 1681s-2(b)(1)(A)

51. Plaintiff re-alleges, and incorporates by reference, paragraphs one through fifty above.

52. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to notate the information as disputed after being contacted by the Consumer Reporting Agencies and failed to conduct a reasonable investigation of the information forwarded to them by the Consumer Reporting Agencies.

53. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

54. Defendant's conduct was negligent and/or willful.

55. Plaintiff is entitled to actual damages, punitive damages, fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

56. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## SEVENTH CLAIM FOR RELIEF
### (Defendant CAPITAL ONE BANK USA)
### 15 U.S.C. §1681s-2(b)(1)(B)

57. Plaintiff re-alleges, and incorporates by reference, paragraphs one through fifty-six above.

58. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion, and failing to notate the disputed information as disputed.

59. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.
60. Defendant's conduct was negligent and/or willful.
61. Plaintiff is entitled to recover actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.
62. Alternatively, Plaintiff is entitled to actual damages, costs and fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### EIGHTH CLAIM FOR RELIEF
### (Defendant CAPITAL ONE BANK USA)
### 15 U.S.C. §1681s-2(b)(1)(C)

63. Plaintiff re-alleges, and incorporates by reference, paragraphs one through sixty-two above.
64. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the notation of the disputed information to the consumer reporting agencies and by failing to report the results of the reinvestigation on the fraudulent information.
65. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
66. Defendant's conduct was negligent and/or willful.
67. Plaintiff is entitled to recover actual damages, punitive damages, fees and costs pursuant to 15 U.S.C. § 1681n.
68. Alternatively, Plaintiff is entitled to actual damages, costs, and fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### NINTH CLAIM FOR RELIEF
### (Defendant CAPITAL ONE BANK USA)
### 15 U.S.C. §1681s-2(b)(1)(D)

69. Plaintiff re-alleges, and incorporates by reference, paragraphs one through sixty-eight above.
70. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to the consumer reporting agencies that the information was being disputed and failed to report to the consumer reporting agencies that the information was false, fraudulent, inaccurate and unverifiable to the consumer reporting agencies.
71. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
72. Defendant's conduct was negligent and/or willful.
73. Plaintiff is entitled to recover actual damages, punitive damages, costs and fees pursuant 15 U.S.C. § 1681n.
74. Alternatively, Plaintiff is entitled to recover actual damages, costs and fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### TENTH CLAIM FOR RELIEF
### (Defendant CAPITAL ONE BANK USA)
### 15 U.S.C. §1681s-2(b)(1)(E)

75. Plaintiff re-alleges, and incorporates by reference, paragraphs one through seventy-four above.
76. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies and failed to have a procedure with the consumer reporting agencies to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information.
77. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

78. Defendant's conduct was negligent and/or willful.
79. Plaintiff is entitled to recover actual damages, punitive damages, costs and fees pursuant 15 U.S.C. § 1681n.
80. Alternatively, Plaintiff is entitled to recover actual damages, costs and fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID GARDNER respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C §1681o(b);
D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 25, 2022

By: /s/DAVID GARNER
7330 Bluff Springs Rd APT 3310
Austin, TX 78744
D.gardner093@gmail.com