RECEIVED
OCT 11 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
OCT 11 2022
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVSION

| | |
|---|---|
| DAVID GARDNER § | |
| Plaintiff § | |
| § | CASE NUMBER: 1:22-cv-00759-RP |
| vs. § | |
| § | |
| CAPITAL ONE BANK USA § | |
| TRANUNION, LLC § | |
| EXPERIAN INFORMATION § | |
| SOLUTIONS, LLC § | |
| EQUIFAX INFORMATION § | |
| SOLUTIONS, LLC | |
| Defendant(s) | |

**DEMAND FOR JURY TRIAL**

**AMENDED COMPLAINT**

1. Plaintiff DAVID GARDNER seeks redress for the illegal practices of CAPITAL ONE BANK USA, TRANSUNION LLC("TRANSUNION"), EXPERIAN INFORMATION SOLUTIONS, LLC("EXPERIAN"), EQUIFAX INFORMATION SOLUTIONS, LLC("EQUIFAX") collectively referred to herein as "Defendant(s)" in violation of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
3. All conditions precedent to the bringing of this action have been performed.
4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

5. Plaintiff David Gardner is an individual residing in Travis County, Texas
6. Plaintiff is a natural person
7. Plaintiff is Secured Party of DAVID GARDNER
8. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c)
9. Upon information and belief CAPITAL ONE BANK USA is a Foreign Financial Institution with its principal place of business at 4851 Cox Rd. Glen Allen, VA 23060 and may be served by serving its registered agent at:

    211 E. 7th Street, Suite 620
    Austin, Tx 78701

10. TRANSUNION, LLC which is a Delaware limited liability duly authorized and qualified to do business in the State of Texas.
11. EXPERIAN INFORMATION SOLUTIONS, LLC is an Ohio limited liability corporation duly authorized and qualified to do business in the State of Texas.
12. EXPERIAN INFORMATION SOLUTIONS, LLC is a Georgia limited liability corporation duly authorized and qualified to do business in the State of Texas.

## FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant(s) and has suffered particularized and concrete harm.
14. On or about November 10, 2021 Plaintiff applied for a residential mortgage loan and was denied. Plaintiff thereafter obtained a copy of his consumer report and discovered incomplete, inaccurate, false, fraudulent information furnished by Defendant Capital One Bank USA.

15. Plaintiff disputed two tradelines reported by CAPITAL ONE BANK USA with credit limits of $628.00 and $1686.00 that appeared on his credit report directly with TRANSUNION, EXPERIAN, and EQUIFAX on or about December 16th, 2021.

16. Hereafter, TRANSUNION, EXPERIAN, and EQUIFAX notified the Plaintiff that it had initiated an investigation into the said dispute.

17. TRANSUNION, EXPERIAN and EQUIFAX investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute with TRANSUNION, EXPERIAN and EQUIFAX on or about April 1st 2022.

18. Section 1681i(c) of the FCRA provides: "Whenever a statement of a dispute is filed . . . the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

19. Plaintiff obtained his consumer credit report from TRANSUNION, EXPERIAN, and EQUIFAX on or about May 4 of 2022 and found that Defendant(s) TRANSUNION, EXPERIAN, and EQUIFAX had not included Plaintiff's statement of dispute in the credit report.

20. 15 U.S.C. § 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide whenever a consumer disputes an item contained in his or her credit file.

21. Section 1681i(a) outlines the reinvestigation that the CRA must undertake after the consumer notifies the CRA of the dispute.

22. Section 1681i(b), in turn, permits the consumer to file a "statement of dispute" with the CRA in the event that the reinvestigation fails to resolve the dispute.

23. Finally, Section 1681i(c) requires any consumer report produced subsequently to the filing of the statement of dispute to clearly note the dispute "and provide either the consumer's statement or a clear and accurate codification or summary thereof."

24. Subsequently to TRANSUNION, EXPERIAN, and EQUIFAX receipt of the Plaintiff's statement of dispute, TRANSUNION, EXPERIAN, and EQUIFAX issued

consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement of dispute.

25. TRANSUNION, EXPERIAN, and EQUIFAX intentionally failed to include the statement of dispute with later copies of the Plaintiff's consumer reports.

26. Plaintiff's April 1, 2022 "Statement of Dispute" letter, sent in response to Defendant's reinvestigation results constitutes a "statement of dispute" under 15 U.S.C. § 1681i(b).

27. The "Statement of Dispute" letter was sent after Plaintiff's request for a reinvestigation yielded no change in the status of the account on Plaintiff's credit report. This is precisely the process that § 1681i requires.

28. Plaintiff clearly provided sufficient detail in his April 1, 2022 "Statement of Dispute" letter to put the Defendant on notice as to the nature of the dispute.

29. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).

30. Defendant(s) violated § 1681i(c) of the FCRA, since Plaintiff disputed the accuracy of the above-mentioned information in Plaintiff's credit file and then notified the Defendant of the said dispute.

31. The Defendant(s) subsequent reinvestigation of the item failed to resolve the dispute so the Plaintiff filed a statement of dispute with TRANSUNION, EXPERIAN, and EQUIFAX which failed to include the statement of dispute with later copies of the Plaintiff's consumer report.

32. Inaccurate information was included in the Plaintiff's credit report.

33. The inaccuracy was due to the Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

34. The Plaintiff suffered injury.

35. The consumer's injury was caused by the inclusion of the inaccurate entry.

36. Dixon-Rollins v. Experian Info. Sols., Inc., 753 F. Supp. 2d 452, 465 (E.D. Pa. 2010) ("Trans Union's failure to properly reinvestigate *Dixon-Rollins's* dispute was not an isolated incident. Indeed, it has repeatedly failed to carry out its statutory duty despite the rejection of the same argument it now repeats and admonishments that its reinvestigations were deficient. In 1997, the Third Circuit instructed Trans Union that it may not just repeat information it receives from the original source, but must do more to verify the credit information. *Cushman*, 115 F.3d at 225. **Since *Cushman* was decided, Trans Union has been repeatedly warned of its statutorily required obligation in conducting a reinvestigation,** *see e.g., Krajewski*, 557 F. Supp. 2d at 616; *Crane*, 282 F. Supp. 2d at 320; *Lawrence*, 296 F. Supp. 2d at 589; *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1083 (D. Or. 2007) **(Trans Union must do more than parrot information received by original source)**; *Lambert v. Beneficial Mortgage Corp.*, No 05-5468, 2007 U.S. Dist. LEXIS 33119, 2007 WL 1309542, at *2 (W.D. Wash. May 4, 2007) (in certain circumstances a consumer reporting agency may need to verify the accuracy of its initial source of information) (citations omitted), and found liable for noncompliance. *See, e.g., Mullins v. Equifax Info. Servs., LLC*, No. 05-888, 2007 U.S. Dist. LEXIS 62912, 2007 WL 2471080, at *7 n. 11 (E.D. Va. Aug. 27, 2007). Thus, **because Trans Union has been warned of its inadequate reinvestigation practices in prior cases, it may be considered a repeat FCRA offender.** *See Willow Inn, Inc., v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 232 (3d Cir. 2005) (recidivist behavior relates to defendant's conduct as to non-parties).") (emphasis added)

37. Saindon v. Equifax Info. Serv., 608 F. Supp. 2d 1212, 1217 (N.D. Cal. 2009) ("In its motion and declarations, [Equifax] does lay out a string of application procedures that include both automated and manual checks by the agency. But giving all reasonable inferences to the plaintiff, the monitoring and reinvestigation procedures could be seen as quite limited. The procedures could be seen by a jury as merely basic automated checks that catch missing data fields on submitted forms, which do not go to the heart of whether a source of information is trustworthy. For example, when a consumer files a complaint contesting the accuracy of an item on his or her credit report, the sole action taken by Equifax is to contact the source of the information to verify if it is accurate. If the source says that it is, the inquiry ends . . . This does virtually nothing to determine the actual credibility of the source— which is what plaintiff asserts is lacking—or so a jury could reasonable conclude. While defendant does have some procedures that include a manual review of some disputes, a jury could reasonably find that almost none of the procedures include a review of the integrity of the information source itself. "), Sharf v. TransUnion, L.L.C., 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015) (student loan servicer willfully violated FCRA by failing to conduct any investigation, deferring entirely to lender to determine accuracy), Saenz v. Trans Union, L.L.C., 2007 WL 2401745, at *7 (D. Or. Aug. 15, 2007) (when CRA is on notice that information is suspect, "it is not reasonable for the [CRA] simply to verify the creditor's position without additional investigation") White v. Trans Union, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) (rejecting argument that confirmation of the accuracy of information from its original source is a reasonable inquiry as a matter of law)

38. At all times pertinent hereto, Defendant(s) were acting by and through its agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendant(s) herein.
39. At all times pertinent hereto, the conduct of the Defendant(s), as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.
40. Discovery of the violations brought forth herein occurred within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.
41. When a consumer notifies TRANSUNION, EXPERIAN, and EQUIFAX that the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS and EQUIFAX INFORMATION SOLUTIONS must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A). As part of the investigation TRANSUNION, EXPERIAN, and EQUIFAX must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer...." 15 U.S.C. § 1681i(a)(2)(A).
42. If a consumer disputes an account that appears on his or her credit, TRANSUNION, EXPERIAN, and EQUIFAX must investigate to determine whether the account pertains to that consumer and should be part of that consumer's credit history. As part of the investigation, TRANSUNION, EXPERIAN, and EQUIFAX must notify the source of the disputed account about the consumer's dispute and provide the source with all the relevant information provided by the consumer. Alternatively, TRANSUNION, EXPERIAN, and EQUIFAX can delete the derogatory information.

43. Other courts of appeals have for many years also instructed CRAs to reinvestigate any item that it reports and that a consumer disputes, regardless of the context. See Cortez v. Trans Union, LLC, 617 F.3d 688, 711-13 (3d Cir. 2010) (OFAC terrorist alerts that CRA keeps off site with another company but placed on its credit reports are in the consumer file and must be reinvestigated); Morris v. Equifax Info. Serv's, LLC, 457 F.3d 460, 466-68 (5th Cir. 2006) Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982); Dennis v. BEH-1, LLC, 520 F.3d 1067 (9th Cir. 2008); Steed v. Equifax Info. Serv's, LLC, No. 1:14-cv-0437-SCJ, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016).

44. At all times mentioned in this Complaint, CAPITAL ONE BANK USA was a Furnisher of information as referred to in 15 U.S.C. 1681s-2 of the FCRA.

## COUNT I. VIOLATION OF 15 U.S.C. § 1681e(b)
### (Defendants EXPERIAN, EQUIFAX and TRANSUNION)

45. Plaintiff re-alleges and incorporates by reference paragraphs one through forty-four above.

46. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

47. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

48. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have done so either negligently or willfully.

49. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

50. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## COUNT II. VIOLATION OF 15 U.S.C. §1681i(a)(2)
## (Defendants EXPERIAN, EQUIFAX and TRANSUNION)

51. Plaintiff re-alleges, and incorporates by reference, paragraphs one through fifty above.
52. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.
53. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
54. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have done so either negligently or willfully.
55. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant 15 U.S.C. § 1681n.

Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT III. VIOLATION OF 15 U.S.C. §1681i(a)(4)
## (Defendants EXPERIAN, EQUIFAX and TRANSUNION)

56. Plaintiff re-alleges, and incorporates by reference, paragraphs one through fifty-five above.
57. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

58. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

59. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have done so either negligently or willfully.

60. Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.

61. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### COUNT IV. VIOLATION OF 15 U.S.C. §1681i(a)(5)
### (Defendants EXPERIAN, EQUIFAX and TRANSUNION)

62. Plaintiff re-alleges, and incorporates by reference, paragraphs one through fifty-nine above.

63. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

64. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

65. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have done so either negligently or willfully.

66. Plaintiff is entitled Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.

67. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT V. VIOLATION OF 15 U.S.C. §1681i(a)(7)
### (Defendants EXPERIAN, EQUIFAX and TRANSUNION)

68. Plaintiff re-alleges, and incorporates by reference, paragraphs one through Sixty-seven above.

69. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have violated 15 U.S.C. §1681i(a)(7) in that they failed to provide the procedures used when requested by the Plaintiff.

70. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

71. Defendants TRANSUNION, EXPERIAN, and EQUIFAX have done so either negligently or willfully.

72. Plaintiff is entitled to actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.

73. Alternatively, Plaintiff is entitled to actual damages, fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT VI. VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A])
### (Defendant CAPITAL ONE BANK USA)

74. Plaintiff re-alleges, and incorporates by reference, paragraphs one through seventy-three above.

75. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to notate the information as disputed after being contacted by the Consumer Reporting Agencies and failed to conduct a reasonable investigation of the information forwarded to them by the Consumer Reporting Agencies.

76. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

77. Defendant's conduct was negligent and/or willful.
78. Plaintiff is entitled to actual damages, punitive damages, fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.
79. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

### COUNT VII. VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(B)
### (Defendant CAPITAL ONE BANK USA)

80. Plaintiff re-alleges, and incorporates by reference, paragraphs one through seventy-nine above.
81. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion, and failing to notate the disputed information as disputed.
82. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.
83. Defendant's conduct was negligent and/or willful.
84. Plaintiff is entitled to recover actual damages, punitive damages, fees and costs pursuant 15 U.S.C. § 1681n.
85. Alternatively, Plaintiff is entitled to actual damages, costs and fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### COUNT VIII. VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(C)
### (Defendant CAPITAL ONE BANK USA)

86. Plaintiff re-alleges, and incorporates by reference, paragraphs one through eighty-five above.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID GARDNER respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C §1681o(b);

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 6, 2022

By: s/*DAVID GARDNER*
7330 Bluff Springs Rd APT 3310
Austin, TX 78744
D.gardner093@yahoo.com

**UNITED STATES POSTAL SERVICE** ® | **PRIORITY MAIL** ®

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

7022 0410 0002 0090 8087

FM
CEDAR PARK, TX
78613
OCT 06, 22
AMOUNT
$13.90
R2305K133718-20

1005
78701

FROM:
David Gardner
7330 Bluff Springs Rd #3310
Austin, TX 78744

TO:
District Clerk
501 W. 5th Street #1100
Austin, TX 78701

FLATE ENVELOPE
ANY WEIGHT

INSURED

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

EP14F July 2022
OD: 12 1/2 x 9 1/2

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.