# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DAVID GARDNER,** *Plaintiff* § § § | |
| v. § § § § | **Case No. 1:22-CV-00759-RP** |
| **CAPITAL ONE BANK USA, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, and EQUIFAX INFORMATION SOLUTIONS,** *Defendants* § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Trans Union LLC's Second Motion for More Definite Statement and Memorandum in Support, filed October 26, 2022 (Dkt. 8). By Text Order entered the same day, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff David Gardner alleges that after his residential mortgage loan was denied, he obtained a copy of his consumer credit report "and discovered incomplete, inaccurate, false, [and] fraudulent information furnished by Defendant Capital One Bank USA." Amended Complaint (Dkt. 7) ¶ 14. Plaintiff alleges that he contacted Defendants Trans Union LLC, Experian Information Solutions, and Equifax Information Solutions to dispute some of the information contained in his credit report. *Id.* ¶ 15. Plaintiff alleges that these Defendants failed to note the "statement of dispute" in his credit report. *Id.* ¶ 19. Plaintiff filed this lawsuit on July 27, 2022,

1

alleging that Defendants failed to ensure that his credit report contained accurate information, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Dkt. 1.

On August 29, 2022, Trans Union filed its first Motion for More Definite Statement, arguing that Plaintiff's Original Complaint violated the pleading requirements of Rule 8(a). Dkt. 4. After Plaintiff filed an Amended Complaint (Dkt. 7), the District Court dismissed as moot Trans Union's first Motion for More Definite Statement. *See* Text Order entered October 24, 2022.

In its Second Motion for More Definite Statement, Trans Union again argues that Plaintiff has failed to meet the pleading requirements of Rule 8(a). Trans Union contends that Plaintiff's Amended Complaint "once again only makes generalized and conclusory statements that are insufficient to notify Trans Union as to the basis of his claims," Dkt. 8 at 1, and that Plaintiff fails to specify what allegedly was inaccurate as to his Capital One accounts. Trans Union asks the Court to compel Plaintiff to file a more definite statement of his claims against Trans Union.

Under Local Rule CV-7(d)(2), Plaintiff's response to Trans Union's Motion for More Definite Statement, a nondispositive motion,[1] was due November 2, 2022. Plaintiff has not filed a response. Because no response was timely filed, the Court may grant the motion as unopposed. *Id.* Accordingly, the undersigned recommends that the District Court grant Trans Union's Motion for More Definite Statement as unopposed.

## Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Trans Union LLC's Second Motion for More Definite Statement (Dkt. 8) as unopposed under Local Rule CV-7(d)(2). It is **FURTHER ORDERED** that this case be **REMOVED** from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

---

[1] *See Griffin v. CitiMortgage, Inc.*, No. 3:09-CV-40-JTC-AJB, 2009 WL 10712111, at *3 n.1 (N.D. Ga. May 15, 2009).

### **Warnings**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 17, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE